DIDLAKE *et al. v.* ELLIS *et al.*

(Division A.  Dec. 8, 1930.)

[131 So. 267.  No. 28902.]

Franklin, Easterling & Rosenthal, of Jackson, for appellants.

Watkins, Watkins & Eager, of Jackson, and **D. M. Miller**, of Hazlehurst, for appellees.

**McGowen, J.,** delivered the opinion of the court.

The appellants, complainants in the court below, filed their bill against the appellees, defendants in the court below, seeking to cancel and revoke the probate of a will. A demurrer was sustained to the original bill, and an amended bill was filed to which likewise a demurrer was sustained. Thereupon a second amended bill was filed and to this a demurrer was sustained, and appeal was prosecuted here. The bill, leaving off its formal parts, is as follows:

"That your complainants, Virginia and R. S. Didlake are the children of one John Didlake, late of Copiah county, Mississippi, who died intestate, and your com-

plaiuauts, Emma M. Therrell aud J. D. Martin, are the
sole and only heirs at law of Emma Didlake Martin, a
daughter of John Didlake, who died intestate; and these
four complainants comprise all of the heirs at law of the
said John Didlake, who died intestate; and your com-
plainants, Ed Didlake, Neva Didlake Jones, Lilly Did-
lake Gant, and Lucy Didlake Puckett, are the children
and only heirs at law of James Didlake, late of Copiah
county, Mississippi, who died intestate; and your com-
plainants, Charlie Didlake, Jennie Didlake, Henry Did-
lake, and Mary Didlake Godwin, late of Copiah county,
Mississippi, who died intestate. That Martha Thomas
Didlake Miller did, prior to her death, execute a certain
instrument as her last will and testament, and the same
did constitute her last will and testament at the time of
her death, wherein she left all of her property to her
daughter, Eunice Miller Lockwood, for the term of her
life, the entire estate at the death of the said Eunice
Miller Lockwood, to go to John Didlake, James Didlake
and George Didlake, with the exception of a specific grant
of five dollars to Philip Didlake, but your complainants
are unable to produce this will because the same was
falsely and fraudulently destroyed by the said Eunice
Miller Lockwood during her lifetime, and after the death
of her mother, Martha Thomas Didlake Miller. That the
destruction of the will by the said Eunice Miller Lock-
wood at the time the said will was destroyed was con-
cealed from your complainants, and your complainants
were led to believe that another instrument was the last
will of the said Martha Thomas Didlake Miller, and this
instrument was forged in the handwriting of Eunice Mil-
ler Lockwood, and was such a perfect simulation of the
handwriting of the said Martha Thomas Didlake Miller
that your complainants were unable to discover the de-
struction of the said will by the said Eunice Miller Lock-
wood and the forgery of the alleged will by the said
Eunice Miller Lockwood until your complainants were
approached by one Robins within two years next preced-

ing the filing of the original bill herein, and were advised by the said Robins that some time after the death of the said Martha Thomas Didlake Miller, that he was shown the title papers to a certain tract of land located in Copiah county, Mississippi, and as a basis of her title, the said Lockwood showed a will from her mother, wherein she was only given a life estate, and that there was nothing to put your complainants on inquiry as the said Eunice Miller was the natural object of the bounty of her mother, and the instrument forged by the said Eunice Miller Lockwood was such a perfect simulation of the handwriting of the said Martha Thomas Didlake Miller, that they could not be put upon inquiry until after the fact had been disclosed to them by the said Robins. That notwithstanding the fact that the first mentioned instrument constituted and was the sole and last will of the said Martha Thomas Didlake Miller at the time of her death, the said Eunice Miller Lockwood did, on the —— day of ——, 19—, and after the death of the said Martha Thomas Didlake Miller, falsely and fraudulently forge and utter a certain instrument, purporting to be the last will and testament of the said Martha Thomas Didlake Miller, and being the same instrument last above mentioned, and concealed the fact that she forged such instrument, from these complainants and their ancestors, and this will, as above stated, was such a perfect simulation of the handwriting of the said Martha Thomas Didlake Miller, and the said Eunice Miller Lockwood being the natural object of bounty from her mother, the said Martha Thomas Didlake Miller, that your complainants did not learn of any facts, nor could they have discovered any such facts by the use of reasonable diligence, that the said Eunice Miller Lockwood did falsely and fraudulently forge and file said forged instrument and purported will, or that the same was admitted to probate without notice, until the said Robins told them of the facts last above mentioned. That the complainants herein, under the terms of the last will and testament of the said Martha Thomas Didlake Miller were entitled to the proportion of her

estate as represented by her brothers and sisters as above set out, the said John, James, George and Philip Didlake being brothers of the said Martha Thomas Didlake Miller, and the said Martha Thomas Didlake Miller departed this life in Copiah county, Mississippi, on or about the 12th day of August, 1909, leaving at the time of her death, large properties consisting of lands, stocks, bonds and choses in action, and other personal property. Complainants would show that the following particular persons are interested in the estate of the said Martha Thomas Didlake Miller, either as inheritors under the fraudulent and void will, or as purchasers or devisees therefrom, to-wit: W. T. Ellis, a resident citizen of Orlando, Florida, but whose post office address is unknown to your complainants, after diligent search and inquiry, J. W. Grantham, a resident citizen of Hinds county, Mississippi, and W. S. Grantham, a resident citizen of Copiah county, Mississippi, and James L. Lovelace, and W. D. Lovelace of Hinds county, Mississippi. That subsequent to the filing and probation of the said forged will, by the said Eunice Miller Lockwood, the said Eunice Miller Lockwood departed this life, and the said complainants are now entitled to all of the property owned by the said Martha Thomas Didlake Miller at the time of her death in the possession of the said Eunice Miller Lockwood, at the time of her death, or any real estate or property that was conveyed by the said Eunice Miller Lockwood to any person whatsoever, and that the named defendants herein are interested in said estate, the said W. T. Ellis having inherited certain of the property herein from the said Eunice Miller Lockwood, having married her prior to her death, and was her widower at the time of her death; and the said J. W. & W. S. Grantham purchased west one-half of east-one-half and the southwest quarter and all of the northeast quarter south and east of the Illinois Central Railroad Company's right of way in section 28, township 3, range 1, west, and the east one-half

of northeast quarter of section 29, and the southwest quarter and all of the northwest quarter south and east of the Illinois Central Railroad Company's right of way and the east one-half of section 32, and all of section 33, and the west one-half of west one-half of section 34, all in township 3, range 1, west, in Hinds county, Mississippi, containing 1837 acres more or less and known as the Elliswood Plantation, having purchased the same from Dr. Guy D. Dowdall, a copy of which deed was attached as Exhibit 'A' to the original bill, and the said Dr. Guy D. Dowdall purchased the same from Eunice Miller Lockwood and W. T. Ellis, her husband, by deed dated January 7, 1919, a copy of which was attached as Exhibit 'B' to the original bill filed herein; and the said J. L. Lovelace acquired Lot No. 2 of Block R of West End Addition, by deed from said Eunice Miller Lockwood, dated March 10, 1921, and duly recorded, a copy of which deed was attached as Exhibit 'C' to the original bill.

"Wherefore, premises considered, complainants pray that process issue to the parties named herein, commanding them to appear at the next regular rules day of this honorable court to plead, answer or demur to this bill, but not under oath, answer under oath being hereby waived, and at the final hearing hereof, may it please the court to enter an order declaring said alleged will to be a false, fraudulent and forged will, and that a further order be entered revoking, annulling and setting aside the order heretofore entered establishing the same for probate, and for such other, further and general relief as petitioners may be entitled in equity and good conscience, and as in duty bound, petitioners will ever pray."

The grounds of the demurrer which was sustained in the court below are as follows:

"(1) There is no equity on the face of the bill.

"(2) That the allegations of the bill are insufficient to show any fraudulent destruction or suppression of the will referred to and fail to show any facts whereupon

fraud can be predicated and fail to show any facts in any manner indicating the concealment of any fraud. That the allegations in the bill in this respect are but the opinions and conclusions of the pleader and allege no facts thereof.

"(3) That the said second amended bill while admitting that the will of Mrs. Martha Thomas Didlake Miller was admitted to probate in Copiah county, Mississippi and has there been of record for nearly twenty years, further charges that said will was forged by Eunice Miller Lockwood and that the original will made by the said Martha Thomas Didlake Miller the complainants are unable to produce 'because the same was falsely and fraudulently destroyed by the said Eunice Miller Lockwood during her lifetime and after the death of her mother, Martha Thomas Didlake Miller,' and such as being the opinion and conclusion of the pleader, and said allegations contain no fact on which can be predicated a false and fraudulent destruction of said will by said Eunice Miller Lockwood.

"(4) That complainants' allegation that the destruction of said will by the said Eunice Miller Lockwood was concealed from them and that complainants were led to believe that another instrument was the last will of the said Mrs. Miller is no statement or allegation of fact and contains no fact from which the court may say that complainants were led to believe that another instrument was the will of the said Mrs. Miller and that the instrument probated was a forgery. That complainants' charge that they were unable to discover the destruction of said will and the forgery of the alleged will by said Lockwood until approached by one Robins within two years next preceding the filing of the original bill herein does not constitute a sufficient allegation of the exercise of reasonable diligence on the part of the said complainants to discover said fraud and forgery, nor is it sufficient in law to allege that said discovery by virtue of the information by one Robins was within two years next preceding

the filing of the original bill. That the allegations of the bill in reference to what one Robins told complainants as to a conversation with Eunice Miller Lockwood and certain title papers and a will from said Lockwood's mother wherein she was only given a life estate, is insufficient in fact and in law to overcome the presumption existing in favor of the duly probated will of the said Mrs. Miller and in the absence of a showing that the said will mentioned by the said Robins was never fully executed or if executed that the same was not revoked by the testatrix. That the information given by one Robins, even if true, as alleged, in the bill, is wholly insufficient and inadequate by virtue of its vagueness and indefiniteness to in anywise form the basis of a charge of fraud and forgery sufficient to set aside and annul the will of the said Mrs. Miller which has now been probated for nearly twenty years and especially after the death of the said Eunice Miller Lockwood. The bill fails to sufficiently charge the exercise of any sort of diligence on the part of complainants to discover any alleged fraud or forgery in connection with said will, and shows on its face that they knew that one will was for many years of record duly probated, and shows that for nearly twenty years after the death of the said Mrs. Miller they took no steps nor made any inquiry of any kind for the purpose of inquiring into the genuineness of said will; that the said complainants do not even attempt to charge in their bill either the day. month or year, that the said Eunice Miller Lockwood falsely or fraudulently forged an instrument which was filed and probated as the last will of the said Mrs. Miller.

"(5) Other causes to be assigned at the hearing."

It will be observed that this amended bill only prays the court to enter an order declaring the will theretofore admitted to probate to be a false, fraudulent, and forged one, and that an order be entered revoking, annulling, and setting aside said will.

It will be further observed that, if this were decreed by the court, unless and until the complainants herein establish another will according to the rules and forms of law, nothing would be accomplished by annulling the will and setting aside the probation thereof already of record, for the reason that Mrs. Lockwood, who is directly charged with having committed forgery and indirectly charged with having committed perjury, and directly charged with having destroyed the will of the decedent—all heinous crimes committed more than nineteen years ago—yet, if the will already probated were set aside and declared void and the probation thereof annulled, still Mrs. Lockwood would be the sole heir at law and would take all the property of her deceased mother under the law of descent and distribution. There is no allegation in this bill that the will by which these complainants hope to secure title to the property involved herein was duly witnessed, etc., according to law, nor is there any allegation that it was a holographic will. The methods of executing a will, and who may execute one, are clearly defined by section 3566, Hemingway's 1927 Code, section 5078, Code of 1906.

In our opinion, it was necessary, not only to set out the substance of the proposed will, but also to allege all those facts necessary to establish a last will, so that the court passing upon it, before doing a vain and fruitless thing by setting aside a former will and the probation thereof, can see to it that the parties complaining would be able to establish another will as to property involved in which, by its terms, they were interested parties.

In other words, the setting aside of the will already probated would not, in any degree, establish any interest of the complainants in the property of the deceased testator, until they establish, as required by law, the lost or destroyed will as being entitled to be probated. The complainants have no interest in the property, nor is it

a matter of their concern whether or not the will admitted to probate was forged or not. They may not be heard to complain of forgery or fraud which does not concern them or affect their interest.

To illustrate: If a decree pro confesso was taken on this bill, could the court order a probate of the alleged lost or destroyed will on its allegations? Most certainly not, because we are not advised from the allegations of the bill as to whether or not the essential precedent requisites to the probation of a will existed or not. We think that, perhaps, the substance of the will is alleged sufficiently, but there should have been alleged as nearly as possible the date thereof, the attesting witnesses, or that it was wholly written and subscribed in the genuine handwriting of Martha Thomas Didlake Miller, the testator, and until these facts are established, which are necessary to probate a destroyed will, the complainants have no interest in the property owned by the testator. In our opinion, the omission of these very necessary averments makes the whole bill subject to demurrer on the ground that there is no equity on its face.

These facts which we have detailed are absolutely essential to be alleged before a decree can be entered favorable to the complainants in this case. See section 167, page 160, Griffith's Chancery Practice.

On the allegations of this bill the trial court could not hold the complainants to be interested parties in virtue of section 1737, Hemingway's 1927 Code, section 1997, Code of 1906. The parties complainant had the burden of showing, by clear and convincing pleading, evidence that the will already probated was forged, and, in addition thereto, of showing that a true and valid will existed which the court could and would admit to probate.

The complainants have made two efforts to amend their bill, and there must be some end to litigation. The court below dismissed the bill upon sustaining the last demurrer.      . . . .

There are other interesting questions to which we do not refer because we think what we have heretofore said effectually disposes of the matter.

Affirmed.